IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CLARENCE L. HENRY,**

    Petitioner,

v.                                          Case No. 3:16cv273-RV/CAS

**FLORIDA DEPARTMENT
OF CORRECTIONS SECRETARY,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On June 8, 2016, Petitioner Clarence L. Henry, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 23, 2017, Respondent filed an answer and exhibits. ECF No. 15. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 12; *see also* ECF No. 19.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the

pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## **Background and Procedural History**

On June 27, 2013, by information filed in Escambia County Circuit Court case number 2013-CF-2808, the State of Florida charged Petitioner Clarence L. Henry with two counts in connection with events that occurred on or about June 4, 2013: (1) burglary of an unoccupied structure while wearing a mask, in violation of sections 810.02(1)(b), (4)(a) and 775.0845, Florida Statutes; and (2) grand theft (value of $300 or more but less than $5,000), in violation of sections 812.014(1)(a) and (b), and 812.014(2)(c)1., Florida Statutes. Ex. A at 1.[1] Henry proceeded to a jury trial on August 29, 2013. Ex. B. Henry did not testify during the trial. *Id.* at 136-39. The jury found him guilty on each count, as charged, and made a specific finding on the first count that he "concealed, covered, or hid his identity by wearing a mask, hood, or other device." Ex. A at 33; Ex. B at 189-90. At proceedings held October 7, 2013, the judge adjudicated Henry guilty and

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 15.

sentenced him to fifteen (15) years in prison on the first count and five (5) years on the second count, to run concurrent, with credit for time served. Ex. A at 42, 58-66.

Henry appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D13-5040. Ex. A at 79; *see* Exs. C (Initial Brief), D (Answer Brief), E (Reply Brief). The Initial Brief presented four points on appeal. Ex. C at i-iii. On October 21, 2014, the First DCA per curiam affirmed the case without a written opinion. Ex. F; Henry v. State, 150 So. 3d 1137 (Fla. 1st DCA 2014) (table).

On February 5, 2015, Henry filed two motions for post-conviction relief in the state trial court, one pursuant to Florida Rule of Criminal Procedure 3.853 seeking DNA testing of certain evidence, Ex. G at 1-4 (exclusive of exhibits), and one pursuant to Florida Rule of Criminal Procedure 3.987 alleging ineffective assistance of counsel, *id.* at 13-25 (exclusive of exhibits). By order on May 22, 2015, the court struck the Rule 3.987 motion as facially insufficient. Ex. H at 286-88. On June 4, 2015, the court denied the Rule 3.853 motion as facially insufficient. *Id.* at 289-90.

On July 17, 2015, Henry filed an amended motion for post-conviction relief. *Id.* at 310-31 (exclusive of attachments). Henry filed another amended motion for post-conviction relief on September 4, 2015. Ex. H at 343, Ex. I at 344-71. The court summarily denied these motions by order rendered October 21, 2015. Ex. I at 372-75. Henry appealed to the First DCA, assigned case number 1D15-5499. Ex. J. The First DCA per curiam affirmed the case without a written opinion on March 3, 2016. Ex. K; <u>Henry v. State</u>, 189 So. 3d 762 (Fla. 1st DCA 2016) (table). Henry filed a motion for rehearing, Ex. L, which the First DCA denied by order on April 20, 2016, Ex. M. The First DCA issued the mandate on May 6, 2016. Ex. N.

As indicated above, Henry filed a § 2254 petition in this Court on April 6, 2016. ECF No. 1. He raises four grounds:

(1) "The State knowingly elicited false testimony regarding the DNA testing procedures in this case, in violation of Petitioner['s] due process rights." *Id.* at 6.

(2) "Improper DNA testing." *Id.* at 9.

(3) "State withheld evidence favorable to accused." *Id.* at 11.

(4) "Fraud upon Court." *Id.* at 14.

Respondent filed an answer, with exhibits. ECF No. 15. Henry has not filed a reply, although given the opportunity to do so. *See* ECF No. 12; *see also* ECF No. 19.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-

court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Id.

### Ground 1: Prosecution Knowingly Elicited False Testimony

In his first ground, Petitioner Henry argues that during his trial, the State knowingly elicited false testimony about the DNA testing procedures used in the case, violating his due process rights. ECF No. 1 at 6-7. Petitioner presented this ground in state court as the third point in his Initial Brief on direct appeal, Ex. C at ii, 25-31, and also as the first claim in his amended Rule 3.850 motion, Ex. H at 315-22. The First DCA per curiam affirmed the direct appeal without an opinion. Ex. F. The state post-conviction court summarily denied the Rule 3.850 claim. Ex. I at 372-75.

By way of background, the state post-conviction court explained all of Henry's post-conviction claims focused on the admission of DNA evidence at his trial:

> The record confirms, as Defendant asserts in his motion, that Defendant's buccal swabs and resulting DNA profile from a previous unrelated case were used to make a comparison to the DNA evidence located at the scene in the instant case.

>   Defense counsel objected to this procedure. The analyst who testified regarding the collection of the buccal swabs, Jennifer Jones, was asked, "Did you at any time take swabs of Mr. Henry?" She replied, "Yes, I did," and identified Defendant in court as the person from whom she had taken the swabs. No testimony was offered that the buccal swabs used in this case were the result of a previous encounter with law enforcement, and it is uncontested that the State did not move to obtain buccal swabs specifically for the purpose of the instant case.

*Id.* at 372-73 (footnotes omitted). The court then summarily denied the claim, making the following findings:

>   Defendant first asserts that the State knowingly elicited false information regarding the DNA testing because Ms. Jones did not specifically say that the buccal swabs she collected from Defendant were not collected for the purpose of this case, and that the DNA testing was "improper" because the State never filed a motion to obtain buccal swabs in the instant case and failed to lay a proper predicate for the admission of the swabs.
>
>   First, the record reveals that Ms. Jones was asked whether she had taken Defendant's swabs "at any time." Defendant does not contest that she did in fact take buccal swabs from him in an earlier case, and he attaches a police report to his motion which supports this assertion. Therefore, her testimony was not "false." It is worth noting as well that, without a compelling reason to do otherwise, it would be improper for the Court to allow testimony that the buccal swabs had been taken while Defendant was under investigation in another matter, in order to prevent the jury from being swayed by a suggestion that Defendant had committed another crime not before them for consideration.

*Id.* at 373. On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's finding that the testimony of Jennifer Jones was not false. In particular, the trial transcript reflects the prosecutor asked Ms. Jones, a crime scene analyst with the Pensacola Police Department, testified she collected DNA swabs "[o]n the door, the entry point where the glass was broken" and "[t]here was a handle and there was some suspected blood on the door handle." Ex. B at 96. She testified that, to collect it, she "used a sterile swab, basically a cotton swab and sterile water to dampen the swab" and then "press[ed] that against the area to collect the suspected blood." *Id*. She also collected a towel the suspect wore. *Id*. She further testified on direct:

> Q.  Did you at any time take swabs of Mr. Henry?
>
> A.  Yes, I did.
>
> Q.  And how do you go about that?
>
> A.  We have a buccal swab collection kit which consists of a set of three – well, three swabs, but it's two actually Q-tips, for lack of a better word, cotton swabs in each package.  And I used each swab package to collect from the inside of the cheek of the subject.  And those get sent to FDLE for analysis.

*Id*. at 97.  Defense counsel objected "for previously noted grounds" and

the trial judge overruled the objection.[1]  *Id*.   Defense counsel then asked, "And you did that in this case, ma'am?"   *Id*.   Ms. Jones responded, "Yes." *Id*. at 98.   She then identified Henry as the person from whom she had collected swabs.   *Id*.

Thus, Ms. Jones had collected swabs from Henry previously (in connection with a prior case) and those were tested against the swabs taken in this case.   See Ex. B at 128-30.   Her response of "yes" to the question about whether she "did that in this case" could have been directed to whether she had sent the swabs to FDLE for analysis, not (as Henry seems to argue) to whether she actually collected swabs from Henry

---

[1]The defense objection appears earlier in the trial transcript:

> MS. FALZONE:   And lastly, Your Honor, Defense renews its objection to admission of the previous buccal swabs in this case.   And then being compared to the DNA from this case, 3.220(c) Subsection 1 states that after the filing of the charging document and subject to constitutional (inaudible), the Court may require the defendant to submit to a buccal swab.   In this case, that was never done.   After the information was filed in this case, the State never sought to have Mr. Henry submit his buccal swabs.   And instead they are relying on older buccal swabs that he did submit.   It's our argument that it is a violation of due process.
>
> THE COURT:   Do you have any authority on the topic?
>
> MS. FALZONE:   No, Your Honor, and I've extensively looked and there's nothing on point.
>
> THE COURT:   All right.   The objection is overruled. . . .

*Id*. at 47-48.

himself in this case. Ms. Jones' testimony may have been ambiguous, to avoid having the jury know Henry was previously investigated, but the record supports the state court's determination that her testimony was not false.

Petitioner Henry has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

## Ground 2:   Improper DNA Testing

In his second ground, Petitioner Henry asserts that, during the trial, the prosecution explained the proper procedure for DNA testing, but, he further asserts, the record shows the proper procedure was not followed in this case. ECF No. 1 at 9. Petitioner presented this ground in state court as the second claim in his Rule 3.850 motion. *See* Ex. H at 322-24. The state post-conviction trial court summarily denied the claim, making the following findings:

> Secondly, with regard to Defendant's claim that the testing was "improper," the record demonstrates that counsel objected to the admission and use of the buccal swabs from the previous case. Without a showing of ineffective assistance of

> counsel, Defendant's claim that the testing was "improper" is not properly before the Court pursuant to Rule 3.850; such a claim would have been properly raised at trial and on direct appeal.

*Id.* at 373-74. On appeal, the First DCA affirmed without a written opinion. This constitutes a ruling on the merits and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the findings of the post-conviction court that defense counsel objected to the admission and use of the buccal swabs from a previous case. *See supra* note 2. Further, the state post-conviction court found this claim not cognizable in a Rule 3.850 proceeding. This finding constitutes an independent and adequate state ground that precludes federal habeas consideration of the issue. *See, e.g.*, LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d at 1237, 1260 (11th Cir. 2005).

Petitioner Henry has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### Ground 3: Prosecution Withheld Evidence
### &
### Ground 4: Fraud Upon the Court

In his third ground, Petitioner Henry argues the State withheld evidence favorable to the defense.  ECF No. 1 at 11.  And, in his fourth ground, Henry argues fraud upon the court occurred because the State knew the proper procedure for using buccal swabs and failed to follow it.  ECF No. 1 at 14.  Henry asserts the State presented "a sworn affidavit as of a proper buccal swab of this case 2013CF-002808 which was false but was present[ed] as true."  *Id.*  Petitioner raised these grounds in state court.  *See* Ex. H at 310-38.  The post-conviction court summarily denied the claims, addressing both claims together and making the following findings:

> Defendant further claims that a fraud was perpetrated on the Court because the prosecutor never made an appropriate motion for buccal swabs in this case and that the testimony regarding a match was "fraudulent" because the match was made with the buccal swabs from another case, and therefore, the DNA report was "basically false."  In his "Ground 4" of his original motion and in his third ground of his subsequent motion, he also claims that the State withheld evidence from Defendant.  The majority of this claim is incomprehensible; however, Defendant seems to suggest that somehow Ms. Jones deprived the Court of the documents relevant to the

>unrelated case in which his buccal swabs were obtained and that the State failed to have trial transcripts available for impeachment of Jennifer Jones.   Again, based on the record, it was evident to the parties and to the Court at the time of trial that the swabs were taken during the investigation of a previous case.   The Court finds no merit in a suggestion that the State failed to provide Defendant with a transcript which would have been readily available to either the State or defense.   Furthermore, claims of prosecutorial misconduct, without an assertion of ineffective assistance of counsel, are not properly raised via rule 3.850.   *See, e.g.*, Spencer v. State, 842 So. 2d 52, 60 (Fla. 2003) ("We conclude that Spencer's substantive claims of prosecutorial misconduct could and should have been raised on direct appeal and thus are procedurally barred from consideration in a postconviction motion.").   Defendant is not entitled to relief on the basis of these assertions.

*Id*. at 374.   On appeal, the First DCA affirmed without a written opinion. This constitutes a ruling on the merits and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The record supports the post-conviction court's findings that it was evident to the parties and the judge at the trial that the buccal swabs from Henry were obtained in connection with an earlier case and later matched to the evidence in this case.   The DNA profile of the samples from the crime scene in this case matched Henry's profile, developed from the samples previously taken from Henry.   Ex. B at 128-30.   This does not render the match "basically false."

Further, as the state post-conviction court found, to the extent Henry

claims prosecutorial misconduct, such claims are not properly raised in a Rule 3.850 motion.  See Spencer, 842 So. 2d at 60.  The state court thus denied any such claims on an independent and adequate state ground, and federal habeas relief is unavailable.  See LeCroy, 421 F. 3d at 1261-62 ("Finally, the defendant asserts that the state engaged in several instances of prosecutorial misconduct.  Both the State 3.850 Court and the Florida Supreme Court (in the appeal from the denial of 3.850 relief) determined that these claims were procedurally barred because they could have been raised on direct appeal.  As with the defendant's claim regarding the shocking and gruesome photographs, the state court's determination rests on independent and adequate state grounds and habeas relief is, therefore, unavailable." (footnote omitted)).

Petitioner Henry has not shown that the state court's rejection of these grounds involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(1)-(2).  Accordingly, these grounds should be denied.

## Conclusion

Based on the foregoing, Petitioner Clarence L. Henry is not entitled to federal habeas relief.  The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 7, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may**

**appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.